### JAMES STAFFORD *v.* HIS CREDITORS.

So much of the Act of 20th February, 1817, as upon a verdict of fraud against an insolvent, disqualifies him from holding any office of trust or profit under the government of this State, is repealed by the Act of 1855.

In *Holmes* v. *Wiltz* (ante p. 439) it was held that the repealing clause appended to the revisory Acts of 1855, did not repeal such pre-existing statutory provisions as were re-enacted by the revisory statute.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Cotton, William H. Hunt* and *Denegre,* for plaintiff and appellant. *Magne,* for *Rochereau & Co.,* opponents.

LEA, J. The verdict of the jury in this case establishes the fraud of the insolvent and we are not prepared to say that there is any error in their verdict. Upon this verdict the court decreed "that the insolvent proceedings instituted and had in the District Court by the said *Stafford* be quashed and annulled and that in conformity to section 20, of the Act relative to voluntary surrender, approved 20th February, 1817, said *James Stafford* be forever deprived of the benefit of the laws passed in favor of insolvent debtors in this State, and that according to section 21 of the aforesaid Act, the said *James Stafford* be deemed incapable of holding any office of trust or profit under the government of this State;" from this judgment the insolvent has appealed, and urges as a ground for the reversal of the judgment, that the Act of 1817 has been repealed by the statute of 1855, and therefore, had no existence at the date of the judgment. So far as the Act of 1817 is inconsistent with the Act of 1855 or so far as its provisions are not embraced in the statute of 1855 it must be considered as repealed; that portion of the decree which imposes a disqualification to hold office should, therefore, be reversed. But the opponents have joined in the appeal, and complain that the insolvent having been found guilty of fraud by the verdict of the jury should have been condemned to three years imprisonment. It is to be remarked that it is not under the statute of 1817 exclusively that the opponent proceeds. He invokes the penalty of three years imprisonment as provided by the Act of 1840, as applicable to a conviction of fraud under that *or any other statute then in force,* see Act of 1840, sections 7, 10, 11 and 13, also Act of 1817. Greiner's Digest, Articles 1667, 1668, 1669. Now the matters complained of in the opposition under which the penalty of three years imprisonment was invoked, are such as are provided for not only by the statutes above referred to, but by the Act of 1855 to which the provisions therein contained have been transferred, and within which they are included. See statutes of 1855 "relative to the voluntary surrender of property and mode of proceeding," sections 19, 20, 21, 24. In the case of the *State, on the relation of Holmes* v. *Wiltz,* we lately held that the repealing clause appended to the revisory Acts of 1855 did not repeal such pre-existing statutory provisions as were re-enacted

in the revisory statute. This being the case the insolvent is in accordance with the verdict liable to an imprisonment not exceeding the term of three years, the duration of which is to be fixed at the discretion of the court. We think this discretion can be better exercised in this case by the District Judge who may be cognizant of many facts coming under his personal inspection, which may and probably should regulate the exercise of that discretion.

It is ordered that the judgment be reversed so far as it relates to the disqualification of the insolvent from holding office, and that the verdict of the jury be approved and recognized as a proper basis for the decree of imprisonment at the discretion of the court for a term, however, not exceeding three years, and for the purpose of enabling the District Judge to proceed further herein, according to law, and in accordance with the principle recognized in this decision, it is ordered that the case be remanded and that the costs of this appeal be paid by the appellee and the costs in the District Court by the appellant. It is further ordered that in other respects the judgment appealed from be affirmed.